**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5548

STEVEN RAY HELMS, a/k/a Steven
Ray Helm,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-95-5-2)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Philip J. Combs,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven Ray Helms pled guilty to possession of an unregistered firearm (a sawed-off shotgun) in violation of 26 U.S.C.§ 5861(d) (1988), and was sentenced to a term of 46 months imprisonment. He appeals the district court's finding that he possessed the firearm in connection with another felony offense and the consequent enhancement of his sentence under USSG § 2K2.1(b)(5).[1]  We affirm the sentence.

While he was intoxicated, Helms entered a home where his then-girlfriend, Keisha Adkins, was visiting friends. Helms carried a loaded, sawed-off shotgun with a defective hammer. Once cocked, the hammer would not lock in place and the gun would go off unless the hammer was held in place or the trigger was pushed forward to prevent firing. As he entered the home, Helms stated,"If you want to fight, you bring a gun." He then cocked the hammer and pointed the gun at Adkins, saying, "Bitch, I'll kill you." Next, Helms pointed the shotgun at the others in turn, stating that he was not afraid to kill anyone.

The probation officer recommended a 4-level enhancement under USSG § 2K2.1(b)(5), suggesting that Helms used and possessed the shotgun in connection with the West Virginia felony offense of wanton endangerment involving a firearm. W. Va. Code§ 61-7-12 (Supp. 1995). The statute prohibits any wanton act with a firearm which creates a substantial risk of death or serious bodily injury. At the time he was sentenced, a state charge of wanton endangerment was pending against Helms.

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Helms argued in the sentencing hearing that, because he did not fire the shotgun, his conduct constituted no more than brandishing a deadly weapon, a misdemeanor offense. W. Va. Code§ 61-7-11 (1992).[2] The district court found that Helms's conduct was wanton because he had acted with reckless disregard for the safety of Adkins and others, and that he had created a substantial risk of death or serious bodily injury. The court accordingly made the enhancement.

On appeal, Helms renews his argument. The district court's decision was essentially a legal one which we consider under a standard close to de novo review. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Given Helms's intoxicated state, the defective condition of the shotgun, and the fact that Helms cocked the loaded shotgun and pointed it directly at Adkins and the others present while stating that he was not averse to killing Adkins or anyone else, we find that his conduct amounted to more than brandishing, and we agree that he wantonly created a substantial risk of death or serious bodily injury. The enhancement was thus properly made.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2** The penalty for wanton endangerment involving a firearm is 1 to 5 years imprisonment; the penalty for brandishing a deadly weapon is confinement for not less than 90 days or more than 1 year.

3